STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, SS.                             Docket No. CR 21-3766


STATE OF MAINE            )
                          )
                          )
                          )
        v.                )          **Order on Motion to Suppress**
                          )
                          )
                          )
Townsend Thorndike,       )
            Defendant.    )


This matter is before the court on a motion to suppress based upon the doctrine set out in *Delaware v. Franks.*

These motions are typically done in two phases. In the first phase, the defendant has the burden of showing that the affiant either knowingly and intentionally, or with reckless disregard for the truth, made a false statement or omitted material information in a warrant affidavit. Secondly, that the allegedly false statement or material omission was necessary to the finding of probable cause. If those showings are made a defendant, is entitled to a full *Franks* hearing.


In this case the state acknowledges statements claimed by the defendant that should have been included in the affidavit were not. However the court concludes, as the state argues ,that those statements neither negated probable cause nor otherwise invalidated the search warrant.


Detective Rappold had more than adequate probable cause in his affidavit to allow the issuing judge to sign the search warrant for evidence of the sex crimes against a minor enumerated therein.

It was reasonable to request a search of computer devices for evidence of those crimes. Even if a victim was unaware of being photographed or videotaped, that can occur in these types of cases. Further , defendant's browser history as reported to Detective Rappold by the child's mother, created probable cause that the defendant possessed evidence of a crime on his computer as he was attempting to search how to destroy his hard drive shortly after the sexual assault had been reported to police.

In conclusion, there was more than substantial probable cause to justify the issuance of a search warrant for evidence of crimes of sexual assault. None of the alleged statements argued by the defense negated that probable cause. The defendant's browser browser history as well as the nature of these offenses justified a search of his electronic devices regardless of the statements that the defendant argues should have been included in the affidavit. Nor would the inclusion of those statements have negated probable cause to search his electronic devices. Finally, the decisions to grant search warrants and their scope is examined on an objective basis. Even if Detective Rappold was subjectively suspicious of the presence of child ponography on these devices, the evidence viewed objectively, authorized their search for evidence of the three enumerated sex offenses.

Accordingly the motion to suppress is denied.

Dated: October 10, 2023

_____
JUSTICE, MAINE SUPERIOR COURT